FILED
MAY 20 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>   )  <br>Petitioner,   )  <br>   )  <br>v.   )  CIVIL ACTION NO. _____<br>   )  <br>$24,399.31, MORE OR LESS, IN UNITED   )  <br>STATES CURRENCY; and   )  <br>   )  <br>ONE HUBLOT GENEVE BIG BANG   )  <br>MEN'S WATCH, SERIAL NUMBER:   )  <br>301 689254,   )  <br>   )  <br>Respondents.   )  | SA11CA0409 OG |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner, United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the properties described below:

  (1) **$24,399.31, More or Less, in United States Currency**[1]; and
  (2) **One Hublot Geneve Big Bang Men's Watch, Serial Number: 301 689254**,

collectively referred to as the "Respondent Properties."

---

[1] At the time of seizure, the currency seized was comprised of $22,970.00, More or Less, in United States Currency, as well as Pesos and Euros, which upon conversion to United States Currency totaled $1,308.95, More or Less, in United States Currency, therefore bringing the total amount to $24,399.31, More or Less, in United States Currency.

## II.
## STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Properties for violations of Title 18 U.S.C. §§ 1956 and 1957 and Title 21 U.S.C. §§ 801, *et seq.*, and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(A) and Title 21 U.S.C. § 881(a)(6), which state:

**Title 18 U.S.C. § 981**
    **(a)(1)** The following property is subject to forfeiture to the United States:
        **(A)** Any property, real or personal, involved in a transaction or attempted transaction in violation of 1956, 1957 or 1960 of this title, or any property traceable to such property.

**Title 21 U.S.C. § 881. Forfeitures**
    **(a)** Subject property
        The following property shall be subject to forfeiture to the United States and no property right shall exist in them:
            **(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## III.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Properties under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395© because the Respondent Properties were brought into this District.

The Respondent Properties were seized in Chicago, Illinois on December 18, 2010 by the

2

Drug Enforcement Administration. The Respondent Properties were then transferred to the Western District of Texas, where they have remained in the custody of the United States Marshals Service, within the jurisdiction of the United States District Court, Western District of Texas, San Antonio Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## IV.
## FACTS IN SUPPORT OF FORFEITURE

See Appendix A, which is filed under seal.

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Properties, that due notice pursuant to Supplemental Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed[2], that a warrant for an arrest in rem be ordered, that the Respondent Properties be forfeited to the United States of America, that the Respondent Properties be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

---

[2] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Subject Personal Properties

Respectfully submitted,

JOHN E. MURPHY
United States Attorney

By: *Mary Nelda G. Valadez*
Mary Nelda G. Valadez
Assistant United States Attorney
Asset Forfeiture Section
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel:  (210) 384-7040
Fax: (210) 384-7045
Texas Bar No. 20421844

Attorneys for the United States of America

## **VERIFICATION**

Special Agent Stephen A. Parkinson, declares and says that:

1. I am a Special Agent with the Drug Enforcement Administration, assigned to the San Antonio District Office, and am the investigator responsible for the accuracy of the information provided in this litigation;

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this the _19_ day of May, 2011.

_____
Stephen A. Parkinson, Special Agent
Drug Enforcement Administration

5